**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ISABELLA GERIATRIC CENTER, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIRECT ENERGY BUSINESS, LLC,<br><br>Defendant. | ) | Civil Action No. 1:22-cv-05822<br><br>JURY TRIAL DEMANDED |

---

**CLASS ACTION COMPLAINT**

Plaintiff Isabella Geriatric Center, Inc., individually and on behalf of all others similarly situated, alleges for its Class Action Complaint against Defendant Direct Energy Business, LLC, as follows:

**NATURE OF THE ACTION**

1. Defendant is an energy service company (ESCO) that provides electricity service to customers across the county. This action seeks to redress Defendant's deceptive and improper pricing practices in charging customers a market-based price for electricity that is contrary to the unequivocal terms of Defendant's common contracts with customers.

2. Defendant's contracts provide that the variable market-based price for its electricity service is the market price as settled the day proceeding the actual delivery of electricity, called the "Day-Ahead Locational Marginal Price" or "Day-Ahead LMP".

3. However, contrary to the unequivocal language of its contracts and without the consent of its customers, Defendant actually charges customers a hourly real-time market-based rate, called the "Real-Time Locational Marginal Price" or "Real-Time LMP," instead of the Day-

Ahead LMP.

4. This unlawful practice by Defendant has resulted Defendant's market-rate customers paying more for their electricity service than what is provided by their contracts with Defendant and constitute a breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and violate N.Y. General Business Law § 349 and § 349-d.

5. A class action is the only way customers can remedy Defendant's wrongdoing, as the loss suffered by each customer is small compared to each customer individually challenging Defendant's common unlawful practices. In addition, due to Defendant's concealment of its unlawful practices, many customers may not even realize that they are victims of Defendant's conduct.

6. Plaintiff therefore brings this action on behalf of itself and a class of Defendant's customers similarly situated and harmed as described below.

## PARTIES

7. Plaintiff Isabella Geriatric Center, Inc. is a New York not-for-profit corporation with its principal place of business in New York, New York.

8. Defendant Direct Energy Business, LLC is a Delaware limited liability company with its principal place of business in Houston, Texas.

9. Defendant is a subsidiary of Direct Energy, which is North America's largest competitive retail energy supplier, serving more than five million customers across North America. Defendant sells electricity and natural gas in 24 U.S. markets and eight Canadian provinces.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction of the claims asserted herein pursuant to 28 U.S.C. § 1332(d)(2)(A) in that the amount in controversy exceeds the sum or value of

$5,000,000, exclusive of interest and costs, and is a class action in which members of the putative plaintiff class are citizens of States different from Defendant.

11. This Court has specific personal jurisdiction over Defendant, as Defendant maintains sufficient minimum contracts in this jurisdiction through the advertising, marketing, and sale of electricity to New York customers.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as substantial acts in furtherance of Defendant's alleged improper conduct occurred within this District and Plaintiff has a principal place of business within this District.

13. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(d) because Defendant has sufficient, minimum contacts in this District through the advertising, marketing, and sale of electricity and natural gas to consumers who reside in this District.

## SUBSTANTIVE ALLEGATIONS

### The Business of ESCOs

14. Beginning in the 1990's, many states across the United States began to deregulate their retail energy supply markets, allowing customers to purchase electricity through an ESCO instead of through a traditional utility.

15. Deregulation was designed to increase competition between electricity suppliers in the open market by allowing customers a choice of electricity suppliers, in turn lowering rates for customers.

16. ESCOs play a middleman role, as ESCOs purchase energy directly or indirectly from a supply generator through a independent system operator ("ISO"), which acts as a clearing house between generators and ESCOs, and then sell that energy to the customer. However, ESCOs do not deliver energy to customers, as the energy is delivered by the customer's utility. ESCOs

merely buy and sell electricity and then sell that energy to customers with a mark-up.

17. Thus, ESCOs are essentially brokers, as they do not produce electricity, but merely buy it from a supply generator and re-sell it to customers.

**Defendant's Contracts Provide for Electricity Pricing at Day-Ahead LMP**

18. Defendant enters into common written contracts with customers to supply electricity at market-based prices.

19. Defendant's contracts provide that the market-based price for electricity shall be at the "Day Ahead LMP."

20. The "Day Ahead LMP" means the "Day-Ahead Locational Marginal Price (LMP)," which is the market clearing marginal price for electricity at the location it is delivered as settled the day preceding the actual delivery.

21. In the day-ahead electricity market, the electricity generators offer supply and ESCOs bid demand, and the ISO will commit the lowest cost generator based on the required demand. The day-ahead pricing provides generators ample notice of their generation expectations for the next operating day while also providing price certainty for the ESCOs.

22. Defendant's contracts provide that it will purchase electricity for customers at the Day-Ahead LMP, and that the Day-Ahead LMP will be passed through to the customer, plus Defendant's mark-up as set forth in the contract.

**Defendant Instead Purchases Electricity at Real-Time LMP**

23. Contrary to the unequivocal terms of its contracts providing that electricity shall be at the Day-Ahead LMP cost, Defendant actually purchases electricity for customers at a Real-Time LMP.

24. Real-Time LMP purchasing occurs as each individual hour approaches on the

actual operating day. The Real-Time market balances the day-ahead commitments against actual real-time demand.

25. A higher amount of price volatility occurs in the Real-Time market, as prices are not known until the full hour has passed.

26. Defendant does not disclose to its customers that have contracts providing for Day-Ahead LMP purchasing that Defendant actually purchases electricity at Real-Time LMP.

**Defendant Impermissibly Charges Customers a "Wholesale Energy 2" Charge, or Similar Charge, for the Spread Between the Day-Ahead LMP and the Real-Time LMP**

27. Defendant's monthly bills to customers will provide an "Indexed Energy" charge, which is the monthly electricity cost at the time Day-Ahead LMP.

28. In addition to the "Indexed Energy" charge, Defendant's monthly bills will also contain a charge, sometimes called a "Wholesale Energy 2" charge, representing the spread between the indexed Day-Ahead LMP and the actual Real-Time LMP paid by Defendant.

29. Thus, between the "Indexed Energy" charge (the Day-Ahead LMP) and the "Wholesale Energy 2" or other-named charge (the spread between the Day-Ahead LMP and the Real-Time LMP), the customer is effectively charged the Real-Time LMP.

30. Defendant's monthly statements provide no explanation or description of the "Wholesale Energy 2" charge.

31. Plaintiff was only able to determine the true nature of the "Wholesale Energy 2" charge through investigation into Defendant's billing practices.

32. Defendant's practice of charging customers the Real-Time LMP, instead of the Day-Ahead LMP, is in clear breach of its common contracts.

**Facts Regarding Plaintiff**

33. Plaintiff entered into a "Electricity Transaction Confirmation – New York Day

Ahead Index with Purchasing Options" with Defendant on or about July 29, 2019 for electricity service at several properties located in New York County, New York (the "Contract"). A copy of the Contract is attached hereto as "Exhibit A" and incorporated by reference herein.

34. The Contract provides that Defendant shall provide electricity to Plaintiff at the Day-Ahead LMP as set by the New York Independent System Operator index, plus a mark-up of .270 cents per kWh, for a period of 36 months beginning October 1, 2019.

35. The Contract defines the "Day Ahead LMP" as "[t]he hourly integrated market clearing marginal price for Electricity (per MWh(s)) at the location it is delivered or received as defined by the NY ISO, as settled the day preceding the actual delivery of such Electricity." (emphasis added).

36. The Contract provides (in all capital letters): "BY EXECUTION OF THIS AGREEMENT, CUSTOMER ACKNOWLEDGES THAT THE DAY-AHEAD LMP INDEX IS A CONSTANTLY FLUCTUATING MARKET PRICE AND WILL VARY. CUSTOMER ASSUMES ALL RISKS OF PRICE MOVEMENTS AND AGREES TO PAY FOR THE SERVICES PROVIDED IN ACCORDANCE WITH THIS AGREEMENT." (emphasis added).

37. On each of Defendant's monthly bills to Plaintiff, Defendant charges Plaintiff both an "Indexed Energy" charge and a "Wholesale Energy 2" charge. A copy of Defendant's billing statement to Plaintiff for the period from May 26, 2020 through June 23, 2020 is attached hereto as "Exhibit B" and incorporated by reference herein.

38. The "Indexed Energy" and a "Wholesale Energy 2" charges on Plaintiff's bill for the period from May 26, 2020 through June 23, 2020 are illustrated below:

| *May 26, 2020 to June 23, 2020* | | |
|---|---|---|
| Indexed Energy - 264800 kWh @ 0.01910631/kWh | $5,059.35 | |
| Loss Charges - 264800 kWh @ 0.00124191/kWh | $328.86 | |
| Direct Energy Fees - 264,800 kWh Total @ $0.0027/kWh | $714.96 | |
| Clean Energy Standard - 208,057.142857 kWh Total @ $0.00421 /kWh-June-2020 | $875.92 | |
| Clean Energy Standard - 56,742.857143 kWh Total @ $0.00421 /kWh-May-2020 | $238.89 | |
| Installed Capacity Charges - 571.145 kW ICAP Total @ $16.944699/kW ICAP | $9,677.88 | |
| Ancillary Services - 208,057.142857 kWh Total @ $0.003626 /kWh-June-2020 | $754.42 | |
| Ancillary Services - 56,742.857143 kWh Total @ $0.003784 /kWh-May-2020 | $214.71 | |
| Wholesale Energy 2 | $4,588.99 | |
| Gross Receipts Reimburse - 0% Exempt | $538.16 | |
| Current Actual Charges | | $22,992.14 |

39. The "Indexed Energy" charge represents the Day-Ahead LMP of the electricity for that month.

40. The "Wholesale Energy 2" charge represents the spread between the Day-Ahead LMP and the Real-Time LMP.

41. As shown above, for the period from May 26, 2020 through June 23, 2020, Plaintiff was charged $5,059.35 in "Indexed Energy" at the Day-Ahead LMP, and $4,588.99 in "Wholesale Energy 2" charges for the spread between the Day-Ahead LMP and the Real-Time LMP, despite the fact that the Contract provides that Plaintiff shall be charged at the Day-Ahead LMP.

42. Plaintiff was only able to uncover the true nature of the "Wholesale Energy 2" through investigating into Defendant's billing practices, as Defendant referred to the "Wholesale Energy 2" charge as a "hedge" between the Day-Ahead LMP and the Real-Time LMP.

43. Plaintiff has demanded that Defendant has cease billing the "Wholesale Energy 2" charges, and Defendant has failed and refused to do so.

44. From October 1, 2019 through December 3, 2021, Defendant has billed Plaintiff a

net of $73,044.44 in improper “Wholesale Energy 2” charges.

**CLASS ALLEGATIONS**

45. Plaintiff brings this action on its own behalf and on behalf of a Class of similarly-situated individuals for damages, disgorgement, restitution, and declaratory and injunctive relief under Rule 23 of the Federal Rules of Civil Procedure.

46. The Class is preliminary defined as two subclasses as follows:

a. The Nationwide Class, preliminarily defined as all Direct Energy Business electricity customers in the United States with contracts providing for electricity service at a Day-Ahead LMP and who were charged a “Wholesale Energy 2” fee, or a similar fee, representing the difference between the Day-Ahead LMP and the Real-Time LMP. at any time during the applicable statute of limitations period up to and including the date of judgment.

b. The New York Class, preliminarily defined as all Direct Energy Business electricity customers in the State of New York with contracts providing for electricity service at a Day-Ahead LMP and who were charged a “Wholesale Energy 2” fee, or a similar fee, representing the difference between the Day-Ahead LMP and the Real-Time LMP. at any time during the applicable statute of limitations period up to and including the date of judgment.

47. Excluded from the Class is Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, legal representative, predecessor, successor, or assignee of Defendant.

48. This action is properly maintainable as a class action. The proposed Class, and the

subclasses, are so numerous that joinder of all members, whether otherwise required or permitted, is impracticable. There are questions of law or fact common to all Class Members that predominate over any questions affecting only individual members. Specifically, the common questions of fact and law include:

**The Nationwide Class**

a. Whether Defendant breached it contracts with Plaintiff and the Class;

b. Whether Defendant breached the implied covenant of good faith and fair dealing with Plaintiff and the Class;

c. Whether Defendant was unjustly enriched as a result of its conduct;

d. Whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof;

e. Whether, and to what extent, equitable relief should be imposed on Defendant to prevent it from continuing its unlawful practices; and

f. The extent of class-wide injury and the measure of damages for those injuries.

**The New York Class**

a. Whether Defendant breached it contracts with Plaintiff and the Class;

b. Whether Defendant breached the implied covenant of good faith and fair dealing with Plaintiff and the Class;

c. Whether Defendant was unjustly enriched as a result of its conduct;

d. Whether Defendant has violated N.Y. N.Y. Gen. Bus. Law § 349;

e. Whether Defendant has violated N.Y. Gen. Bus. Law § 349-d;

f. Whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof;

g. Whether, and to what extent, equitable relief should be imposed on Defendant to prevent it from continuing its unlawful practices; and

h. The extent of class-wide injury and the measure of damages for those injuries.

49. The proposed lead Plaintiff claims are typical of those of each of the proposed subclasses because the proposed lead Plaintiff's claims are based upon the same facts and circumstances that give rise to the claims of the other Subclass Members and are based upon the same predominate legal theories.

50. The representative Plaintiff can adequately and fairly represent each of the Subclasses. No conflict of interest exists between the representative Plaintiff and the Class Members because Defendant's alleged conduct affected them similarly.

51. The Plaintiff and its chosen attorneys are familiar with the subject matter of the lawsuit and have full knowledge of the allegations contained in this complaint so as to be able to assist in its prosecution. In addition, the Plaintiff's attorneys are competent in the areas of law relevant to the Complaint and have sufficient experience and resources to vigorously represent the Class members and prosecute this action.

52. A class action is superior to any other available method for adjudicating this controversy. The proposed class is (i) the surest way to fairly and expeditiously compensate so large a number of injured persons that constitute the Class, (ii) to keep the courts from being inundated by hundreds or thousands of repetitive cases, and (iii) to reduce transactions costs so that the injured Class Members can obtain the most compensation possible. Accordingly, class treatment presents a superior mechanism for fairly resolving similar issues and claims without repetitious wasteful litigation relevant to this action.

## CLAIMS FOR RELIEF

## COUNT I

### BREACH OF CONTRACT
### (ON BEHALF OF THE NATIONWIDE CLASS, OR ALTERNATIVELY, ON BEHALF OF THE NEW YORK CLASS)

53. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

54. Plaintiff and Class Members were bound by valid common contracts with Defendant for the provision of electricity service.

55. Defendant's contracts with Plaintiff and Class Members provide that electricity will be priced at the Day Ahead LMP.

56. Defendant's contracts with Plaintiff and Class Members provide do not provide for the charge of a "Wholesale Energy 2" fee, or any similar fee representing the difference between the Day-Ahead LMP and the Real-Time LMP.

57. Defendant has breached its contracts with Plaintiff and the Class by charging Plaintiff and Class Members unauthorized "Wholesale Energy 2" fee, or any similar fees representing the difference between the Day-Ahead LMP the Real-Time LMP.

58. Plaintiff and Class Members have been damaged as a result of Defendant's breach of contract in the amount of "Wholesale Energy 2" fees, or any similar fees representing the difference between the Day-Ahead LMP the Real-Time LMP, paid by Plaintiff and the Class.

59. As a result of Defendant's breach of contract, Defendant is liable to Plaintiff and the Class for actual damages.

## COUNT II

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (ON BEHALF OF THE NATIONWIDE CLASS, OR ALTERNATIVELY, ON BEHALF OF THE NEW YORK CLASS)

60. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

61. Plaintiff and Class Members were bound by valid common contracts with Defendant for the provision of electricity.

62. Every contract has an implied covenant of good faith and fair dealing in the performance and enforcement of the contract. The implied covenant is an independent duty and may be breached even if there is no breach of the contract's express terms.

63. Defendant is required in good faith to set pricing for its electricity services pursuant to the plain terms of the contracts.

64. Defendant breached the implied covenant of good faith and fair dealing by charging Plaintiff and Class Members an electricity rate that is contrary to the plain terms of the contracts.

65. As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Defendant is liable to Plaintiff and the Class for actual damages.

## COUNT III

### UNJUST ENRICHMENT
### (ON BEHALF OF THE NATIONWIDE CLASS, OR ALTERNATIVELY, ON BEHALF OF THE NEW YORK CLASS)

66. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

67. By engaging in the conduct described above, Defendant has unjustly enriched itself and received a benefit beyond what was contemplated by the parties at the expense of Plaintiff and the Class.

68. It would be unjust and inequitable for Defendant to retain the payments Plaintiff and the Class made for electricity services beyond what was contemplated by the parties.

69. Therefore, Defendant is liable to Plaintiff and the Class for actual damages.

**COUNT IV**

**NEW YORK GENERAL BUSINESS LAW § 349**
**(ON BEHALF OF THE NEW YORK CLASS)**

70. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

71. New York's consumer fraud statute prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349.

72. Defendant's marketing and billing practices are consumer-oriented in that they are directed at members of the consuming public.

73. Defendant has engaged in, and continues to engage in, deceptive acts and practices in violation of N.Y. Gen. Bus. Law § 349, including:

a. Failing to adequately disclose that Defendant will effectively bill its customers for electricity at a Real-Time LMP instead of a Day-Ahead LMP, when the Day-Ahead LMP is the price provided for in Defendant's common contracts;

b. Failing to adequately disclose to customers that they will be charged a "Wholesale Energy 2" fee, or similar fee representing the difference between the Day-Ahead LMP and the Real-Time LMP;

c. Failing to adequately disclose to customers the nature and reason for its "Wholesale Energy 2" fee, or similar fee representing the difference between the Day-Ahead LMP and the Real-Time LMP; and/or

d. Failing to cease charging customers the "Wholesale Energy 2" fee, or similar fee representing the difference between the Day-Ahead LMP and the Real-Time

LMP, despite being notified of its breach of contract.

74. The aforementioned acts are unfair, unconscionable and deceptive and are contrary to the public policy of New York, which aims to protect consumers.

75. As a direct and proximate result of Defendant's unlawful and deceptive marketing and billing practices, the Class has suffered injury and monetary damages in an amount to be determined at the trial of this action.

76. Plaintiff and the members of the Class further seek equitable relief against Defendant. Pursuant to N.Y. Gen. Bus. Law § 349, this Court has the power to award such relief, including but not limited to, an order declaring Defendant's practices to be unlawful, an order enjoining Defendant from engaging in any further unlawful conduct, and an order directing Defendant to return to the Plaintiff and the Class all amounts wrongfully assessed and/or collected.

77. As a result of Defendant's unfair and deceptive practices, Plaintiff and Class Members suffered actual damages in an amount to be determined at trial, and are entitled to their damages, costs and reasonable attorneys' fees and all other relief available under N.Y. Gen. Bus. Law § 349.

**COUNT V**

**NEW YORK GENERAL BUSINESS LAW § 349-D**
**(ON BEHALF OF THE NEW YORK CLASS)**

78. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

79. N.Y. Gen. Bus. Law § 349-d(3) provides that "[n]o person who sells or offers for sale any energy services for, or on behalf of, an ESCO shall engage in any deceptive acts or practices in the marketing of energy services."

80. Defendant has engaged in deceptive acts or practices in the marketing of energy

services by, among other potential reasons:

a. Failing to adequately disclose that Defendant will effectively bill its customers for electricity at a Real-Time LMP instead of a Day-Ahead LMP, when the Day-Ahead LMP is the price provided for in Defendant's common contracts;

b. Failing to adequately disclose to customers that they will be charged a "Wholesale Energy 2" fee, or similar fee representing the difference between the Day-Ahead LMP and the Real-Time LMP; and/or

c. Failing to adequately disclose to customers the nature and reason for its "Wholesale Energy 2" fee, or similar fee representing the difference between the Day-Ahead LMP and the Real-Time LMP.

81. N.Y. Gen. Bus. Law § 349-d(6) provides that "[n]o material change shall be made in the terms or duration of any contract for the provision of energy services by an ESCO without the express consent of the customer."

82. Defendant has materially changed the terms of its common contracts with Plaintiff and Class Members by charging a "Wholesale Energy 2" fee, or similar fee representing the difference between the Day-Ahead LMP and the Real-Time LMP, without the express consent of Plaintiff and Class Members.

83. N.Y. Gen. Bus. Law § 349-d(7) provides that "[i]n every contract for energy services and in all marketing materials provided to prospective purchasers of such contracts, all variable charges shall be clearly and conspicuously identified."

84. Defendant has failed to clearly and conspicuously disclose in its common contracts with Plaintiff and Class Members that Defendant would charge a "Wholesale Energy 2" fee, or similar fee representing the difference between the Day-Ahead LMP and the Real-Time LMP.

85. Defendant has violated Section 349-d(3), -d(6), and d(7), and caused financial injury to Plaintiffs and the Class by causing Plaintiffs and the Class to the unlawful "Wholesale Energy 2" fee, or similar fee representing the difference between the Day-Ahead LMP and the Real-Time LMP.

86. As shown above, Defendant has willfully or knowingly violated Section 349-d.

87. As a direct and proximate result of Defendant's violation of Section 349-d, the Class has suffered injury and monetary damages in an amount to be determined at the trial of this action.

88. Plaintiffs and the members of the Class further seek equitable relief against Defendant. Pursuant to N.Y. Gen. Bus. Law § 349-d, this Court has the power to award such relief, including but not limited to, an order declaring Defendant's practices to be unlawful, an order enjoining Defendant from engaging in any further unlawful conduct, and an order directing Defendant to return to the Plaintiffs and the Class all amounts wrongfully assessed and/or collected.

89. As a result of Defendant's unfair and deceptive practices, Plaintiffs and Class Members suffered actual damages in an amount to be determined at trial, and are entitled to their damages, costs and reasonable attorneys' fees and all other relief available under N.Y. Gen. Bus. Law § 349-d.

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) Issue an order certifying the Classes defined above, appointing Plaintiffs as representative of the Classes, and designating its Attorneys as Class Counsel for both Classes ;

(b) Find that Defendant has committed violations of the law alleged herein;

(c) Enter an order granting monetary relief and damages on behalf of the Classes;

(d) Enter an order granting all appropriate relief on behalf of the Classes;

(e) Enter an award of compensatory damages, the amount of which is to be determined at summary judgment or trial;

(f) Enter an award of treble damages;

(g) Enter judgment including interest, costs, reasonable attorneys' fees, and expenses; and

(h) Grant all such other relief as the Court deems appropriate.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted, this the 8th day of July, 2022.

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

*/s/ Victoria J. Maniatis*
Victoria J. Maniatis (NY Bar No.: 2578896)
James R. DeMay *(pro hac vice pending)*
Patrick M. Wallace (*pro hac vice pending*)
Melissa K. Sims (*pro hac vice pending*)
Blake Yagman (NY Bar No. 5644166)
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
100 Garden City Plaza
Garden City, NY 11530
Telephone: (800) 530-9800
Email: vmaniatis@milberg.com
Email: jdemay@milberg.com
Email: pwallace@milberg.com
Email: msims@milberg.com
Email: byagman@milberg.com

**STEIFMAN LLP**

*/s/ Michael Steifman*
Michael Steifman, Esq. (MS-8216)
(*admission pending*)
Steven P. Knowlton, Esq. (SK-2429)

STEIFMAN LLP
292 Montauk Highway
South Hampton, New York 11968
Telephone: 718-645-4100
Email: ms@steifmanlaw.com
Email: sknowlton@steifmanlaw.com